# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| **ROBERT G. LOPEZ, an individual,** | ) | **15 CV 3888** |
|  | ) |  |
| **Plaintiff,** | ) | **JUDGE SULLIVAN** |
|  | ) |  |
| **v.** | ) | **Civil Action No.** |
|  | ) |  |
| **TEESPRING, INC.,** | ) | **JURY TRIAL DEMANDED** |
|  | ) |  |
| **Defendant.** | ) |  |

### COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Robert G. Lopez, alleges his complaint against Defendant, Teespring, Inc., as follows:

### NATURE OF THE ACTION

1.      This action arises from Defendant's infringement of Plaintiff's "ownership" and exclusive "use" rights in his federally registered copyright design and in Plaintiff's LES NYC® trademark used in conjunction with clothing, namely t-shirts, caps and/or other clothing items.

2.      Despite Plaintiff being the registered owner of the "537 Design" copyright and LES NYC® and LES™ trademarks and offering various clothing items under such design and brand names, the Defendant has infringed Plaintiff's rights in the aforementioned intellectual property by manufacturing, selling, offering for sale and advertising t-shirts and/or other clothing items under Plaintiff's exact copyrighted design and trademarks.

3.     The Defendant's use and sale of one of its t-shirt designs bearing Plaintiff's signature copyrighted logo (The "537 Design") and Plaintiff's trademarks used in connection with his clothing business where done willfully and intentionally.

4.     Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between the Defendant and Plaintiff resulting in the unjust enrichment of Defendant by using Plaintiff's registered trademarks and copyright.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c), 17 U.S.C. §101, et. seq., 17 U.S.C. §501-509 and 28 U.S.C. §1367.

6.     This Court has personal jurisdiction over the Defendant because Defendant is engaged in continuous business activities in, and directed to the State of New York within this judicial district, and because Defendants' have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district and because Defendant is represented in intellectual property and other business matters by New York law firm Goodwin Procter.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendant transacts business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.  Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district.

## THE PARTIES

8.     Plaintiff, Robert G. Lopez is an individual residing at 230 Clinton Street, Apt. #11C, New York, NY 10002.

9.     Upon information and belief, Defendant, Teespring, Inc. is a Delaware corporation with a principal place of business at 3 Davol Square, Suite 300B, Providence, Rhode Island 02903.

## FACTS

10.    Plaintiff Robert G. Lopez has been selling t-shirts, sweaters, hooded sweatshirts and other related clothing items under the LES™ brand since at least 1999.

11.    Plaintiff has been independently operating a clothing business under the trade name L.E.S. CLOTHING CO.™, which has sold t-shirts, sweaters, hooded sweatshirts and other related clothing items in interstate commerce under the marks LES™, LOWER EAST SIDE™ and LES NYC™.

12.    Since at least as early as 2010, Plaintiff began using the mark LOYALTY EQUALS STRENGTH™ and incorporated the aforementioned mark into his collection of LES™ brands.

13.    After many years of running his L.E.S. CLOTHING CO.™ business, in 2010 Plaintiff designed and began using his signature "537 Design" logo depicted below on clothing designs, and in other similar ways customary in the apparel industry.



14.    Plaintiff uses the "537 Design" logo on t-shirts, sweaters, headwear, posters, stickers, hang tags, private labels, invoices, business cards, store front signage, street murals, viral flyers used for social media promotions on platforms such as Instagram®, Facebook®,

Twitter and on its website homepage www.lesclothing.com to promote the LES CLOTHING CO.™ business. **(See Exhibit A)**.

15.     Plaintiff's clothing items bearing his 537 Design logo have been worn by "superstar" musical recording artists and actors including but not limited to rapper Curtis "50 Cent" Jackson, and actor Luis Guzman.  Plaintiff's clothing items bearing his 537 Design logo have also appeared in musical videos aired on MTV, worn by Cease in the hit VH1 reality show BLACK INK CREW, and was also featured in internationally published music publication XXL Magazine just to name a few.  **(See Exhibit B)**.

16.     On or about 2012, Plaintiff created the design depicted below which incorporated his 537 Design logo copyright, as well as his LES™, LOWER EAST SIDE™ and LES NYC® trademarks.



17.     In November of 2012, Plaintiff began promoting the above design on his "LES TEEZ" Facebook® page and began selling and offering for sale clothing items bearing the design including headwear and tank tops that were available at Plaintiff's LES CLOTHING CO.™ flagship store and via Plaintiff's website www.lesclothing.com.  The design was also used by Plaintiff for promotional flyers and stickers that were used on cellular phone cases.  **(See Exhibit C)**.

18.     Plaintiff is the registered owner of United States Copyright Registration No. VA 1-775-922 for the 537 Design.  **(See Exhibit D)**.

4

19.     Plaintiff is the registered owner of United States Trademark Registration No. 4,549,880 for the mark LES NYC™.  (**See Exhibit E**).

20.     Plaintiff is the owner of New York State Trademark Registration No. R31067 for the mark LOWER EAST SIDE™.  (**See Exhibit F**).

21.     Plaintiff is the owner of New York State Trademark Registration No. R32032 for the mark LOYALTY EQUALS STRENGTH™.  (**See Exhibit G**).

22.     Plaintiff is the owner of New York State Trademark Registration No. R31912 for the 537 Design logo.  (**See Exhibit H**).

23.     Plaintiff is also the registered owner of the domain name www.lesclothing.com.

24.     Plaintiff sells, markets and promotes the sale of his clothing via his website www.lesclothing.com, and through other online and retail outlets that affect interstate commerce.

25.     In addition to selling and offering for sale clothing items under the LOWER EAST SIDE™ and LES NYC™ brand names, Plaintiff has also continuously sold and offered for sale various clothing items which bear the LOWER EAST SIDE™, LES NYC™ and/or LES™ marks in various fonts and design styles which are prominently displayed on the front and/or back of the t-shirts.

26.     Plaintiff uses the LES™ and/or L.E.S.™ marks as a clothing name brand but also uses the LES™ acronym to refer to phrase LOYALTY EQUALS STRENGTH™ and LOWER EAST SIDE™.

27.     Plaintiff has acquired secondary meaning in the LOWER EAST SIDE™ and LES NYC™ marks in connection with clothing based upon his long standing and continuous use of both trademarks in interstate commerce for over 15 years.

28.     Plaintiff has actively policed his trademarks and other intellectual property rights by previously enforcing his ownership and use rights in the LES™ trademarks and copyrights against several other clothing retailers and/or online clothing merchants.

29.     Defendant is an online clothing company that manufactures, distributes and sells clothing.

30.     Plaintiff is informed and believes and thereon alleges that Defendant has introduced and began marketing, selling, offering for sale clothing under Plaintiff's 537 Design logo and LOWER EAST SIDE™ and LES NYC® marks in violation of Plaintiff's trademark rights and copyrights.

31.     One of the t-shirt designs offered for sale by Defendant is an exact and identical replication and copy of Plaintiff's 537 Design logo, produced, created, and distributed on clothing by Plaintiff bearing the 537 Design logo copyright and Plaintiff's LOWER EAST SIDE™ and LES NYC® trademarks. (**See Exhibit I**).





Plaintiff's Design                Defendant's replication and copy

Of Plaintiff's Design

32.     Defendant's use of Plaintiff's trademarks and/or copyrights has already caused instances of actual confusion in the marketplace and Defendants use of said 537 Design logo was done without consent or permission by Plaintiff.

33.     Defendant market, sell and offer for sale clothing items bearing Plaintiff's trademark's and copyright via its website www.teespring.com.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

34.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 33 of this Complaint.

35.     The use in commerce by Defendants of an identical and slightly identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services.  Such use by defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademarks, and has resulted in injury and damage to Plaintiff that will continue if defendants are not ordered to cease all use of the LOWER EAST SIDE™ and LES NYC® marks.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

36.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 35 of this Complaint.

37.     Plaintiff has the exclusive right to market, brand and provide clothing related goods using the LOWER EAST SIDE™ and LES NYC® marks.

38.     Defendants by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services. Defendants' activities already have confused the public into believing that defendants' and Plaintiff's clothing goods come from one and the same source, and defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods.

39.     Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

40.     By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

41.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 40 of this Complaint.

42.     Defendant conduct constitutes deception by which Defendant's goods will be palmed off as those of Plaintiff. Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

43.     Defendant's unauthorized use of Plaintiff's LOWER EAST SIDE™ and LES NYC® marks is likely to continue to cause further confusion to the public as to the clothing goods of the respective parties.

44.     By reason of the foregoing, Defendant has infringed and continues to infringe on Plaintiff's common law rights in the LOWER EAST SIDE™ and LES NYC® marks and Defendant has become unjustly enriched by such acts of infringement.

45.     Defendant's unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights.

## FOURTH CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

46.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 45 of this Complaint.

47.     Plaintiff is the creator, author, and owner by assignment of all rights of copyright in an to the 537 Design logo shown above.

48.     Plaintiff acquired its rights to the 537 Design logo in December of 2010 by assignment and Plaintiff has offered for sale and sold clothing items bearing the 537 Design logo since that time.

49.     Defendant, without authorization of Plaintiff as the owner of all rights of copyright in the 537 Design logo, and in violation of 17 U.S.C. §§101 et seq., has intentionally and willfully copied, distributed, and publicly displayed and sold and/or offered for sale, a t-shirt design that is identical or in the least, substantially similar to the Plaintiff's copyrighted 537 Design that is used on his clothing items.  Defendant's infringing t-shirt design is depicted in Exhibit I.

50.     Defendant's actions constitute copyright infringement and have caused and will continue to cause Plaintiff irreparable harm and injury unless enjoined by this Court.

51.     By reason of Defendant's infringement of Plaintiff's copyright in his 537 Design in connection with clothing, Defendant has derived revenues and profits attributable to said infringement, the amount of which has yet to be ascertained.

52.     Defendant's infringement of Plaintiff's copyright in the 537 Design for clothing was committed "willfully" as that term is used in 17 U.S.C. §504(c)(2).  At all times mentioned herein, and upon information and belief, Defendant was aware of, and had reason to believe, that its acts constituted infringement of Plaintiff's copyright.

## FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

53.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 52 of this Complaint.

54.     Defendants have unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's LOWER EAST SIDE™ and LES NYC® marks as well as Plaintiff's copyrighted 537 Design.

55.     Defendant's actions constitute unjust enrichment.

## SIXTH CAUSE OF ACTION
## CONVERSION

56.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 55 of this Complaint.

57.     Defendant has continued and is presently using Plaintiff's LOWER EAST SIDE™ and LES NYC™ trademarks.

58.     Defendant has continuously introduced, sold and/or offered for sale products bearing Plaintiff's trademarks and are continuing to profit off of Plaintiffs' trademarks.

59.     Defendant is therefore liable for conversion and liable for punitive damages for converting Plaintiff's trademarks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.     Entry of an order and judgment requiring that Defendant, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term LOWER EAST SIDE™, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term LOWER EAST SIDE™ or LES NYC™, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and copyright infringement which tend to injure Plaintiff's rights in the LOWER EAST SIDE™, LES NYC™ marks or 537 Design.

2.     That Defendant be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.     That Defendant be ordered to deliver up for destruction any and all infringing materials bearing the LOWER EAST SIDE™ or LES NYC™ marks and/or copyrighted LES design, and any colorable imitation thereof, in whole or part.

4.     That Plaintiff be awarded punitive damages.

5.     That Defendant be required to place advertisements or send notifications to past and present customers that it improperly has been using the LOWER EAST SIDE™ and LES NYC™ marks.

6.      That Plaintiff be awarded the cost and disbursements of this action.

7.      That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: May 20, 2015                              Respectfully submitted,
       New York, NY                              Robert G. Lopez – Pro Se


                                                 _____
                                                 Robert G. Lopez
                                                 Pro Se Plaintiff
                                                 230 Clinton Street – Apt. #11C
                                                 New York, New York 10002
                                                 (917) 868-1698

**EXHIBIT A**





















L.E.S. Clothing Co.
Page Liked · April 2, 2013 ·

Available In-Store and Online! $25.00 USD

LES™ Clothing Co. Store located at 43 Clinton St.
(Btwn Stanton & Rivington)

www.LESCLOTHING.com

| Tag Photo | Add Location | Edit |

Like · Comment · Share

Write a comment...

Sponsored                                    Create Ad

800 Numbers for Any Phone
Attendant, forwarding, voicemail & more for under $10.
Try us free for 30 days?
1,218 people like this



**L.E.S. Clothing Co.**
Page Liked · February 22, 2013 ·

Available In-Store and Online! $20.00 USD

LES™ Clothing Co. Store located at 43 Clinton St.
(Btwn Stanton & Rivington)

www.LESCLOTHING.com

Tag Photo    Add Location    Edit

Like · Comment · Share

Write a comment...

Suggested Groups                    See All

The Honeymooners
Episodes Group
816 members
Join