Robert G. Lopez
230 Clinton Street - Apt. 11C
New York, New York 10002
(917) 868-1698

August 17, 2015



**HAND-DELIVERED**

Hon. Richard J. Sullivan
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    **Lopez v. Teespring, Inc.**

          **Civil Action No. 15-CV-03885 (RJS)**

Dear Judge Sullivan:

    I am the pro se Plaintiff in the above-identified action.

    I am writing in response to attorney Carroll's August 6, 2015 letter to Your Honor in which Mr. Carroll requested a pre-motion conference and leave to file a Motion to Dismiss Plaintiff's Complaint.

    In Mr. Carroll's paragraph titled "**Background**" he identified Teespring's services as follows:

> "**Teespring provides an online and mobile platform on which third-party users may design and sell custom apparel.** Teespring users may go to the Teespring website or mobile application and upload their own designs or use design tools to create their own shirt designs."

    Mr. Carroll provided this service description in an attempt to deceive and mislead Your Honor and the Court by not revealing information on Teespring's actual involvement in manufacturing and printing various clothing garments in connection with its online retail and design service business.

  Teespring does indeed provide a service in which third party users can upload designs that are and become available for purchase on t-shirts and other printed garments on Teespring's website. Mr. Carroll conveniently forgot to advise the Court that after a design is uploaded to the Teespring website by any third party user, their involvement in essence immediately ends. Teespring thereafter directly offers and promotes for sale the design on t-shirts. In the event that website orders and/or sales are placed for the uploaded design, Teespring manufactures, prints, ships and collects the payment for the sale of the item.

  Although no sales occurred in this particular instance, the fact remains that my intellectual property rights were violated and Teespring did in fact copy my identical work, and promoted and offer for sale a t-shirt that directly violated my federally registered copyright and trademark.

  Teespring only discontinued offering the design for sale after I provided it with a courtesy copy of the Complaint well over thirty (30) days prior to officially serving the Summons and Complaint on it.

  I note that I served the Summons & Complaint on Teespring only after sending it several communications and a settlement proposal in an effort to reach an amicable resolution in which they were not interested in. Apparently, Teespring does not want to accept responsibility for its violation of my property rights even though there is clear evidence on their end that it improperly copied an exact and identical design that is the property of Plaintiff and the work was copied without my authorization or consent.

  Plaintiff believes that the claims meet the pleading standard and in the event that they do not that Plaintiff be granted permission to file a First Amended Complaint that more clearly articulates the role of Teespring and the direct and blatant violation of both my trademarks and copyrights.

  Plaintiff also confirms that he is the registered owner of a federal trademark and copyright for the brand and design depicted in the accused design that was copied from Plaintiff's works and such allegations are part of Plaintiff's current complaint.

  I thank Your Honor for his attention to this matter

Respectfully submitted,

*Robert G. Lopez* (signature)

Robert G. Lopez

c Robert D. Carroll, Esq.

**Hon. Richard J. Sullivan**
**August 17, 2015**
**Page 3**

## CERTIFICATE OF SERVICE

I, Robert G. Lopez, certify that this document is being hand-delivered to the pro se office 230 – 500 Pearl Street with a copy mailed first class to:

>Robert D. Carroll, Esq.
>Goodwin Procter LLP
>Exchange Place
>Boston, MA 02109

_____  8/17/15
Robert G. Lopez – Pro Se Plaintiff